# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JENNIFER FLEISCHER,**

        **Plaintiff,**

-vs-                                                    Case No. 6:12-cv-1474-Orl-36DAB

**VOYAGE HEALTHCARE, LLC., and**
**NOAL CURLEY,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND OTHER RELIEF (Doc. No. 28)**
>
> **FILED:** April 16, 2013
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

As set forth in a prior Report (Doc. 25), Plaintiff filed an action under the Fair Labor Standards Act ("FLSA") and state law against Defendants on behalf of herself and others similarly situated (Doc. 1). Although pled collectively, no motion to conditionally certify any class was filed. In her Complaint, Plaintiff complained of unpaid overtime and unpaid commissions. Defendants answered the Complaint with a general denial, and asserted various affirmative defenses (Doc. 22). Shortly thereafter, the parties notified the Court that they had settled (Doc. 23). The settlement outlined by the parties indicated that, although Plaintiff claimed well over $30,000 in unpaid overtime and other

damages, Defendants would pay a total of $12,500.00, of which $7.666.00 would be paid to Plaintiff "representing her unpaid overtime wages and commissions," and $4,834.00 would be paid to her attorneys, in satisfaction of fees and costs. The parties filed a motion (Doc. 24) seeking a finding that the settlement was a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-5 (11th Cir. 1982); 29 U.S.C. § 216(c). The District Judge adopted the recommendation of the undersigned that the motion be denied as lacking any grounds to support a finding that such a compromise was fair, and the settlement was not approved (Doc. 26). The District Judge ordered the parties to file a joint Case Management Report by April 16, 2013 (Doc. 27). This motion follows.

In addition to seeking more time in which to file the Case Management Report, the parties have supplemented their showing as to the reasonableness of the settlement and renew their motion for approval of the settlement agreement. As set forth in the motion and the accompanying Declaration of Plaintiff, Plaintiff acknowledges that she is compromising her claim significantly, but states that she accepts the settlement because "I am wanting to end this litigation now and obtain the $7,666.00 now so that I can pay bills and debts that I currently have." (Doc. 28, pp. 10-11). Plaintiff notes that she "attempted to settle this case on [her] own" for $4,000 prior to obtaining counsel, and, states that she considered the amount of time required to prosecute the case through trial, the ability of the Defendants to pay a cash settlement, and the strength of her case. She disavows any untoward pressure to settle, but notes that as she is very busy and needs the money, she instructed her counsel to settle the case. *Id.*

With respect to the attorney's fees, counsel advises that she is a Board Certified Employment and labor lawyer, practicing since 2002 in the area of Labor and Employment. She certifies that, she has spent a minimum of 20 hours on this matter, and that her hourly rate is $285-$300 per hour.

Plaintiff's counsel certifies that she has $703.66 in costs incurred, and counsel agreed to reduce her fees and total costs from $6,403.66 to $4,834.00 as part of the settlement. *See* Doc. 28, pp. 14-16.

Although reasonable minds could differ as to whether Plaintiff should have settled on these terms, it is not the task of the Court to ascertain whether Plaintiff received the best possible deal -- only whether the deal she agreed to was fair. Viewed thus, the Court finds that the supplemented record shows no overreaching by any party, and Plaintiff has articulated a reasonable basis for compromising her claim to this extent. As the motion provides a basis to support a finding of fairness, it is **respectfully recommended** that the motion be **granted, in part**, and the agreement be approved as a "fair and reasonable resolution of a bona fide dispute."  While the Court recommends that the agreement be approved as fair, it does not recommend that the motion be granted to the extent it seeks that the Court retain jurisdiction to enforce the terms of the settlement. Moreover, as the request for an extension of time in which to file the Case Management Report will be moot if the Court adopts the recommendation to approve the settlement, it is further **recommended** that the request for more time be **denied, as moot.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 22, 2013.

*David A. Baker*

      DAVID A. BAKER
      UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy